1  Ray E. Gallo (SBN 158903)
2  rgallo@gallo.law
   Gallo LLP GALLO LLP
3  1604 Solano Ave., Suite B
   Berkeley, CA 94707
4  Phone: 415.257.8800
5
6  Christopher J. Lynch (pro hac vice to be sought)
   clynch@hunterlynchlaw.com
7  Christopher J. Lynch, P.A.
8  6915 Red Road, Suite 208
   Coral Gables, FL 33143
9  Phone: 305.443.6200
10 *Attorneys for Plaintiffs*
11 (*Additional counsel listed after signature page*)

12
13                     UNITED STATES DISTRICT COURT
14                    CENTRAL DISTRICT OF CALIFORNIA
15                           WESTERN DIVISION

16 | MERCEDES ROSENBERG, | Case No.  2:19-cv-09691 |
   | BENNET G. FELDMAN, ANDRE | |
17 | VON HOYER, and OLGA VON | **COMPLAINT FOR DAMAGES,** |
   | HOYER, individually and on behalf | **RESTITUTION, AND INJUNCTIVE** |
18 | of all others similarly situated, | **RELIEF FOR:** |
19 | | |
   | | **1. FRAUD** |
20 | Plaintiffs, | |
   | | **2. VIOLATION OF THE CONSUMERS** |
21 | v. | **LEGAL REMEDIES ACT** |
22 | VIKING RIVER CRUISES, INC. | **3. VIOLATION OF THE UNFAIR** |
   | d/b/a VIKING CRUISES and | **COMPETITION LAW** |
23 | VIKING OCEAN CRUISES, a | |
   | California corporation, | **4. VIOLATION OF CALIFORNIA** |
24 | | **PENAL CODE § 496** |
25 | Defendants. | **5. UNJUST ENRICHMENT** |
26 | | **CLASS ACTION** |
27 | | |
   | | **DEMAND FOR JURY TRIAL** |
28 | | |

                                  1
                            **COMPLAINT**

MERCEDES ROSENBERG, BENNET G. FELDMAN, ANDRE VON HOYER, and OLGA VON HOYER (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, sue VIKING RIVER CRUISES, INC. d/b/a VIKING CRUISES and VIKING OCEAN CRUISES, a California corporation (hereinafter "VRC"), and allege as follows. The allegations relating to Plaintiffs' personal actions are based on their personal knowledge. The balance are made on information and belief based on the investigation of counsel.

## Introduction

1.     This is a class action filed to redress injuries that Plaintiffs and a class of consumers have suffered, and will continue to suffer, as a result of deceptive and fraudulent practices relating to tips and gratuities paid by Plaintiffs and class members to VRC, and related Viking Cruise line entities (hereinafter collectively "Viking"), for purposes of distribution to crew members. While it was represented to Plaintiffs and class members that the sums paid by Plaintiffs and class members as a gratuity would be given to crew members, Viking fraudulently diverted 10 percent of all such payments to its own "Viking Tip Account." This improper diversion and retention by Viking of sums intended as gratuities for crew members constitutes fraud, violates California's Unfair Competition Law and Consumers Legal Remedies Act, resulted in Viking's Unjust enrichment, and warrants compensatory and exemplary damages and injunctive relief.

## Parties

2.     Plaintiff Mercedes Rosenberg is a resident and citizen of Florida.

3.     Plaintiff Bennet G. Feldman is a resident and citizen of Florida.

4.     Plaintiffs Andre Von Hoyer and Olga Von Hoyer are residents and citizens of Pennsylvania.

5.     Defendant VRC is a California corporation with its principal place of business and headquarters in Woodland Hills, Los Angeles County, California.

**COMPLAINT**

VRC is engaged in the business of marketing and selling cruises under the "Viking Cruises" trademark or tradename. The cruises are booked with various "carriers" which include, but are not limited to, Viking River Cruises AG; Viking River Tours Ltd.; Viking Ocean Cruises Ltd.; Viking Ocean Cruises II Ltd.; Viking Cruises USA Ltd. and Viking Cruises S.A. VRC is responsible for booking travel for cruise passengers, sending cruise and travel information to the passengers and collecting payments.

6.     Viking Cruises, Ltd., Viking River Cruises (Bermuda) Ltd. and Viking River Cruises (International) LLC are foreign corporations, which establish policies and procedures governing the marketing, sale and operation of cruises under the Viking Cruises tradename.  One such policy or procedure is the misrepresentation to Viking passengers by VRC and the other Viking entities that gratutities paid directly to Viking instead of the crew members would all be distributed to the crew. Instead Viking, through an established procedure, diverts 10% of the gratutities to its own Viking Tip Account.

7.     The Defendant VRC at all material times hereto, personally or through an agent:

        a.     Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an officer or agency in this state/or county;

        b.     Was engaged in substantial activity within the state;

        c.     Operated vessels in the waters of the state; and

        d.     Purposely availed themselves of the benefits of conducting activities in California by purposely directing activities toward the state, thereby obtaining the benefits and protections of the state's laws.

8.     At all times material, VRC derived substantial revenue from cruises originating and terminating in various locations throughout the world including,

Los Angeles, California.

## **Jurisdiction and Venue**

9.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from Defendants; there are more than 100 class members; and the aggregate amount in controversy exceeds $5,000,000.

10.     This Court has personal jurisdiction over the parties because VRC is a California corporation/and it conducts substantial business in this state.

11.     Venue is proper in this District under 28 U.S.C. § 1391(a) because a central part of the events or omissions giving rise to the claims occurred within this District, VRC has caused harm to class members residing within this District, and VRC maintains its corporate headquarters in this District.

## **Allegations Common to All Claims**

12.     Viking is one of the largest and best-known cruise lines in the world, currently operating 66 vessels.

13.     Passengers on Viking vessels understand and expect that the cost of travel includes incidental expenses such as a gratuity for service. It is a widely recognized practice in the cruise industry for passengers to tip crew members either by leaving cash in their rooms upon checkout or by handing the tip or gratuity directly to the crew members.

14.     Viking is well aware of this custom and in fact encourages its passengers to tip crew members upon conclusion of the cruise. In a deviation from the typical procedure, however, Viking encourages its passengers, including Plaintiffs and the class members, to pay the intended tips or gratuities to Viking, either through cash or credit card.

15.     Pursuant to Viking procedures, Plaintiffs and the class members were led to believe that all tips and gratuities that they paid to Viking were to be

**COMPLAINT**

distributed to crew members.

16. Prior to embarkation, VRC issued all U.S. Viking passengers a cruise itinerary booklet, which stated that gratuities would be distributed to the Program Director and staff. VRC created and sent these booklets from its California headquarters.

17. In addition, during Program Director Debarkation Talks on board the various vessels, Viking verbally represented that gratuities would be distributed to the Program Director and staff.

18. However, not all the monies that were paid Viking as gratuities by passengers to Viking were actually paid or distributed to crew members aboard the Viking vessels as intended. Instead, 10 percent of all gratuities on all Viking vessels were diverted to the Viking Tip Account. As such, the 10 percent of passenger tips or gratuities which were converted by Viking represent ill-gotten gains obtained through a fraudulent scheme.

19. VRC and the other Viking entities had exclusive knowledge that 10 percent of all gratuities on all Viking vessels were diverted to the Viking Tip Account and concealed this information from customers.

20. At all relevant times VRC acted as a co-conspirator and aider and abettor of the other Viking entities in fraudulenty inducing customers to pay gratuities intended for crew members to Viking and converting 10 percent of these amounts. VRC concurred in the scheme with knowledge of its illegality and gave substantial assistance in the scheme. VRC is liable not only for its own actions but those of the other Viking entities.

21. VRC and Viking continue to engage in the unlawful conduct alleged herein, so Plaintiffs and the general public face continuing, present, adverse effects and the likelihood of future injury from their conduct.

**COMPLAINT**

**<u>Class Representatives</u>**

22.    On May 29, 2016, Plaintiff Mercedes Rosenberg ("Rosenberg") and her husband embarked on a seven-day cruise entitled "Castles and Legends" aboard the Viking ship "Prestige."

23.    Before Ms. Rosenberg embarked on the cruise, VRC sent her a cruise itinerary booklet that recommended a gratuity of 2 Euros per day per guest for the Program Director and 12 Euros per day per passenger for the ship's staff, which would be distributed to the Program Director and staff.

24.    At the conclusion of the cruise, in reliance upon VRC and Viking's representations that 100 percent of the gratuity would be disbursed to the crew, Ms. Rosenberg paid directly to Viking a tip or gratuity intended for the Viking Prestige crew members. Notwithstanding its purposeful and fraudulent statements to the contrary, Viking converted 10 percent of the gratuity to its own Viking Tip Account.

25.    Ms. Rosenberg discovered that Viking converted 10 percent of the gratuity to its own Viking Tip Account in September of 2019 through her counsel. Ms. Rosenberg was unable to discover Viking's wrongdoing earlier because Viking kept its fraudulent scheme secret from customers and the public.

26.    On September 29, 2013, Plaintiff Bennet G. Feldman ("Feldman") embarked on a seven-day cruise from St. Petersburg to Moscow aboard the Viking Ship "Rurik."

27.    Before Mr. Feldman embarked on the cruise, VRC sent him a cruise itinerary booklet that recommended a gratuity of 2 Euros per day per guest for the Program Director and 12 Euros per day per passenger for the ship's staff, which would be distributed to the Program Director and staff.

28.    At the conclusion of the cruise, in reliance upon VRC and Viking's representations that 100 percent of the gratuity would be disbursed to the crew, Mr. Feldman paid directly to Viking a tip or gratuity intended for the Viking Rurik crew

6

**COMPLAINT**

members. Notwithstanding its purposeful and fraudulent statements to the contrary, Viking converted 10 percent of the gratuity to its own Viking Tip Account.

29.    Mr. Feldman discovered that Viking converted 10 percent of the gratuity to its own Viking Tip Account in March of 2017 through a former employee of Viking. Mr. Feldman was unable to discover Viking's wrongdoing earlier because Viking kept its fraudulent scheme secret from customers and the public.

30.    On August 18, 2015, Plaintiffs Andre Von Hoyer and Olga Von Hoyer (collectively, the "Von Hoyers") embarked on Viking's Rhine Gateway Cruise; on May 26, 2017, the Von Hoyers embarked on Viking's Romantic Danube Cruise; on March 30, 2018, the Von Hoyers embarked on Viking's Passage to Eastern Europe Cruise; and on July 15, 2019, the Von Hoyers embarked on Viking's Waterway of The Tsars cruise.

31.    At the conclusion of the aforementioned cruises, Plaintiffs paid directly to Viking a tip or gratuity intended for the Viking crew members. Notwithstanding its purposeful and fraudulent statements to the contrary, Viking converted 10 percent of the gratuity to its own Viking Tip Account.

## Class Action Allegations

32.    Plaintiffs bring this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated. The class is defined as follows: All persons who paid a tip or gratuity to Viking for distribution to crew members, which Viking did not distribute in full to crew members.

33.    Excluded from the class are Defendants, their subsidiaries and affiliates, as well as Defendants' executives, board members, and immediate families. Also excluded are all governmental entities and any judicial officers assigned to hear any aspect of this case.

34.    Plaintiffs reserve the right to amend or modify the class definition with

7

**COMPLAINT**

greater specificity or further division into subclasses limited to particular issues.

35.    Class certification is appropriate under Rule 23(b)(3) because this action satisfies the applicable numerosity, commonality, typicality, adequacy, predominance, and superiority requirements. Notice to the proposed class in compliance with Rule 23(c)(2)(B) is contemplated and required.

36.    <u>Numerosity.</u> The proposed class is sufficiently numerous, as yearly, hundreds of thousands of consumers have cruised with Viking and have paid to Viking tips or gratuities which were intended to be distributed to crew members. The members of the class are so numerous and dispersed that joinder of all members is impracticable.

37.    <u>Common questions of fact and law.</u> Common questions of fact and law exist as to all members of the class. Common questions of fact and law include:

        a.    Whether VRC's representations that the tips or gratuities were to be distributed to crew members were false and deceptive;

        b.    Whether VRC conspired with the other Viking entities to defraud Plaintiffs and the members of the class;

        c.    Whether Viking's retention of 10 percent of the tips or gratuities intended for the crew members is fraudulent;

        d.    Whether Plaintiffs and the members of the class sustained damage and ascertainable loss as a result of Viking's conduct as alleged herein;

        e.    The amount of compensatory damages to which the class is entitled; and

        f.    Whether exemplary damages should be awarded.

38.    <u>Predominance.</u> Common questions of law and fact identified in the preceding paragraph predominate over any questions affecting solely individual members of the class. Pursuant to Federal Rule of Civil Procedure 23(b)(3) the suit is properly maintainable as a class action.

**COMPLAINT**

39.   <u>Typicality</u>. Plaintiffs' claims are typical of the claims of class members because Plaintiffs and the class sustained damages arising out of Viking's wrongful conduct as detailed herein. Specifically, Plaintiff and the class member's claims arise from the fraudulent representation that 100 percent of the tips and gratuities paid to Viking would be distributed to the crew members.

40.   <u>Adequacy</u>. Plaintiffs will fairly and adequately protect the interests of the class and have retained counsel competent and experienced in class-action lawsuits. Plaintiffs have no interest antagonistic to or in conflict with those of class members and therefore will be adequate as a representative for the class.

41.   <u>Superiority</u>. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the class is impracticable. Furthermore, adjudication of this controversy through a class action will avoid the potentially inconsistent conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

### First Claim for Fraud
### (On Behalf of Plaintiffs Rosenberg and Feldman and the Class)

42.   Plaintiffs Rosenberg and Feldman incorporate by reference and reallege all paragraphs previously alleged herein.

43.   By uniformly representing to Plaintiffs and the class that that tips and gratuities would be disbursed to crew members, VRC knowingly and intentionally made false and misleading statements of material fact with the intent to deceive and induce reliance by Plaintiffs and the class. VRC further failed to disclose and concealed facts that it was required to disclose to prevent other statements that it had made from being false and misleading. Plaintiffs Rosenberg and Feldman and the class actually and reasonably relied on these misrepresentations, omissions, and concealments resulting in damages to Plaintiffs Rosenberg and Feldman and the class.

**COMPLAINT**

44.    VRC's herein-alleged wrongful acts and omissions were knowingly, willfully, intentionally, maliciously, oppressively, and fraudulently undertaken with the express purpose and intention of defrauding Plaintiffs and the class, all to the substantial financial benefit of VRC and its co-conspirators, entitling Plaintiff to punitive damages.

45.    All of the Viking entities conspired, through a common plan or scheme, to defraud Plaintiffs Rosenberg and Feldman and the class members out of 10% of the gratutities intended for the Viking crew members. VRC concurred in this scheme with knowledge of its unlawfull purpose and and gave substantial assistance in the scheme. In addition to direct liability for its fraudulent conduct, VRC is also liable for conspiring with the other Viking entities to commit fraud and for aiding and abetting the fraud of the other Viking entities. VRC is liable not only for its own actions but those of its co-conspirators, the other Viking entities.

46.    As a direct and proximate result of Viking's illegal conspiracy, scheme, plan fraudulent acts and misrepresentations, Plaintiffs Rosenberg and Feldman and the class suffered damages including but not limited to, the 10 percent of tips and gratuities fraudulently retained by Viking and other foreseeable and consequential damages, costs and fees. In addition, Plaintiffs Rosenberg and Feldman and the class seek an award of punitive or exemplary damages since VRC had advance knowledge of the fraudulent scheme alleged herein which was directed by officers, directors or managing agents of VRC and Viking.

**Second Claim for Violation of the Consumers Legal Remedies Act**
**California Civil Code § 1750, _et seq._**
**(On Behalf of Plaintiffs Rosenberg and Feldman and the Class)**

47.    Plaintiffs Rosenberg and Feldman incorporate by reference and reallege paragraphs 1-41 previously alleged herein.

48.    VRC violated California Civil Code § 1750 _et seq._, the Consumers Legal Remedies Act (the "CLRA") by engaging in the following conduct in the

course of transactions that were intended to result in the sale of goods or services:

  a.  Representing that goods or services have characteristics which they do not have in violation of California Civil Code § 1770(a)(5);

  b.  Advertising goods or services with intent not to sell them as advertised in violation of California Civil Code § 1770(a)(9); and

  c.  Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law in violation of California Civil Code § 1770(a)(14).

49.  VRC's CLRA violations have caused Plaintiffs Rosenberg and Feldman and the class to lose money or property by paying money to Viking that they would not have otherwise paid to Viking.

50.  VRC's CLRA violations are ongoing and present a continuing threat that members of the public will be misled.

51.  VRC is subject to direct liability for this claim because its acts and omissions violate the CLRA. VRC is also liable for conspiring with the other Viking entities to violate the CLRA and aiding and abetting the CLRA violations of the other Viking entities.

52.  Plaintiffs presently do not seek damages under the CLRA, but intend to seek actual damages, punitive damages, and restitution upon satisfaction of the CLRA's notice requirements.

**Third Claim for Violation of the Unfair Competition Law**
**California Business and Professions Code § 17200, et seq.**
**(On Behalf of Plaintiffs Rosenberg and Feldman and the Class)**

53.  Plaintiffs Rosenberg and Feldman incorporate by reference and reallege all paragraphs previously alleged herein.

11

**COMPLAINT**

54. California Business and Professions Code § 17200, *et seq.*, (the "Unfair Competition Law" or "UCL") prohibits unlawful, unfair, and fraudulent business practices.

55. VRC's above alleged actions and omissions violate the UCL's fraudulent prong because the actions and omissions were likely to, and did, deceive Plaintiff and the public.

56. VRC's above alleged actions and omissions violate the UCL's unlawful prong because the actions and omissions violate, without limitation California Civil Code § 1750, *et seq.* and constitute fraud.

57. VRC's above alleged actions and omissions violate the UCL's unfair prong because they are (1) immoral, unethical, oppressive, unscrupulous, and substantially injurious and the injury to Plaintiffs and class members outweighs their utility; and (2) they violate, *inter alia*, California's public policy against false advertising, fraud and deception.

58. VRC's above alleged misrepresentations and non-disclosures have caused Plaintiffs Rosenberg and Feldman and the class to lose money or property by paying money to Viking that they would not have otherwise paid to Viking.

59. VRC is subject to direct liability for this claim because it performed acts constituting violations of the UCL. VRC is also liable for conspiring with the other Viking entities to violate the UCL and aiding and abetting the UCL violations of the other Viking entities. Likewise, VRC is liable not only for its own UCL violations but those of its co-conspirators, the other Viking entities.

**Fourth Claim for Violation of California Penal Code § 496**
**(On Behalf of Plaintiffs Rosenberg and Feldman and the Class)**

60. Plaintiffs incorporate by reference and reallege paragraphs 1-46 previously alleged herein.

61. California Penal Code § 496(c) authorizes any person injured by a violation of Penal Code section 496 subdivisions (a) or (b) to recover three times

1    the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and

2    reasonable attorney's fees.

3        62.    California Penal Code § 496(a) makes receiving, buying, or

4    withholding property that has been obtained in any manner constituting theft an

5    action punishable by imprisonment.

6        63.    Theft, under California Penal Code § 496(a), includes knowingly and

7    designedly defrauding any other person of money "by any false or fraudulent

8    representation or pretense." *See Bell v. Feibush,* 212 Cal. App. 4th 1041, 1047-48

9    (2013) (citing Penal Code § 484(a)).

10       64.    VRC and the other Viking entities fraudulent acquisition of Plaintiffs'

11    and class members' property constitutes theft as defined by California Penal Code

12    § 484(a).

13       65.    With the knowledge, agreement, and substantial assistance of VRC,

14    Viking entities received and possessed 10% of the gratuities Plaintiffs and class

15    members intended for the Viking crew members, knowing that they were

16    fraudulentyly and illegally obtained.

17       66.    VRC is liable for conspiring with the other Viking entities to violate

18    the California Penal Code § 496(a) and aiding and abetting the California Penal

19    Code § 496(a) violations of the other Viking entities. VRC is thus liable for the

20    California Penal Code § 496(a) violations of its co-conspirators, the other Viking

21    entities.

22                    **Fifth Claim for Unjust Enrichment**
23                    **(On Behalf of Plaintiffs and the Class)**

24       67.    Plaintiffs incorporate by reference and reallege paragraphs 1-41

25    previously alleged herein.

26       68.    VRC and the other Viking entities collected tips from Plaintiffs and

27    other class members that were intended for crew members, but VRC and the other

28    Viking entities only paid 90% of these amounts to crew members. As a result,

**COMPLAINT**

Plaintiffs and the class have conferred a benefit on VRC and the other Viking entities.

69.     VRC and the other Viking entities had knowledge of this benefit and voluntarily accepted and retained the benefit conferred.

70.     VRC and the other Viking entities will be unjustly enriched if they are allowed to retain the aforementioned benefits. Plaintiffs and each class member are entitled to recover the amount by which VRC and the other Viking entities were unjustly enriched at Plaintiffs' and each class member's expense.

## Prayer For Relief

1.     For damages (but not on the CLRA claim);

2.     For punitive damages (but not on the CLRA claim);

3.     For treble damages pursuant to California Penal Code § 496(c);

4.     For restitution (but not on the CLRA claim);

5.     For public injunctive relief halting VRC and Vikings' unlawful conduct;

6.     For attorneys' fees and expenses pursuant to all applicable laws including without limitation, California Code of Civil Procedure §1021.5, California Civil Code § 1780(e), California Penal Code § 496(c), and Fed. R. Civ. P. 54(d);

7.     For pre- and post-judgment interest on any amounts awarded; and

8.     For such other and further relief as the Court deems just and proper.


**Respectfully Submitted,**

DATED: November 12, 2019


**GALLO LLP**


By:  /s/ *Ray E. Gallo*
_____
Ray E. Gallo
Attorneys for Plaintiffs

14

**COMPLAINT**

## ADDITIONAL COUNSEL

Edmund Normand*
Ed@ednormand.com
Jacob Phillips*
jacob.phillips@normandpllc.com
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL 32803
Phone: 407-603-6031

David M. Shenkman*
dshenkmanlaw@hotmail.com
David M. Shenkman, P.A.
4551 Ponce de Leon Blvd
Coral Gables, Florida 33146
Phone: (305) 859- 7272
*Attorneys for Plaintiffs*

*Pro hac vice admission to be sought

**COMPLAINT**

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

3          Plaintiffs hereby demand a jury trial of all issues, claims, and causes of

4    action so triable.

5

6    DATED:  November 12, 2019          **RESPECTFULLY SUBMITTED,**

7                                             **GALLO LLP**

8

9                                        By:  /s/ *Ray E. Gallo*
                                              _____
10                                             Ray E. Gallo
                                              Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

**COMPLAINT**