JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09691-RGK-AS | Date | March 23, 2020 |
|---|---|---|---|
| Title | *Mercedes Rosenberg et al v. Viking River Cruises, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 38]

## I. INTRODUCTION

On November 12, 2019, Plaintiffs Mercedes Rosenberg, Bennet G. Feldman, Andre Von Hoyer, and Olga Von Hoyer (collectively, "Plaintiffs") filed a class action Complaint against Defendant Viking River Cruises, Inc. ("VRC" or "Defendant"). The Complaint alleges five claims: (1) fraud, (2) violation of the Consumer Legal Remedies Act, (3) violation of unfair competition law, (4) violation of California Penal Code § 496, and (5) unjust enrichment. On January 27, 2020, Plaintiffs filed a First Amended Complaint ("FAC").

Presently before the Court is Defendant's Motion to Dismiss. Defendant argues that Plaintiffs are bound by a forum-selection clause designating Basel, Switzerland, and ask that the Court dismiss the action for *forum non conveniens*. Defendant also contends that the FAC fails to state a claim upon which relief can be granted. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss and dismisses this action for *forum non conveniens*.

## II. FACTUAL BACKGROUND

### A. The Parties

VRC is a California corporation with its principal place of business in Woodland Hills, California. VRC markets and sells European river cruises to customers based in the United States. The cruises are not operated by VRC, but by various third parties, including Viking.[1] VRC is "responsible

---

[1] "Viking" refers collectively to Viking River Cruises, Ltd., Viking River Cruises (Bermuda) Ltd., and Viking River Cruises (International) LLC. (*See* Maldonado Decl. ¶ 3, ECF No. 38-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09691-RGK-AS | Date | March 23, 2020 |
|---|---|---|---|
| Title | *Mercedes Rosenberg et al v. Viking River Cruises, Inc.* | | |

for booking travel for cruise passengers, sending cruise and travel information to the passengers and/or their travel agents, and collecting payments." (*Id.*; FAC ¶ 5, ECF No. 35.)

Plaintiffs are residents of Florida and Pennsylvania who embarked on European river cruises. Plaintiffs allege that Viking encourages its passengers to pay all intended tips to Viking, rather than to staff members directly. Indeed, "[p]rior to embarkation, VRC issued all U.S. Viking passengers a cruise itinerary booklet or brochure which stated that gratuities would be distributed to staff." (FAC ¶ 16.) However, Viking did not distribute all gratuities to staff members. "Instead, 10 percent of all gratuities on all Viking vessels were diverted to the Viking Tip Account. As such, the 10 percent of passenger tips or gratuities which were converted by Viking represent ill-gotten gains obtained through a fraudulent scheme." (*Id.* ¶ 21.)

### B.   The Passenger Ticket Contract

All of the river cruises that Plaintiffs embarked on are governed by Viking's Passenger Ticket Contract ("PTC"), which contains a forum-selection clause. VRC's customary practice is to send customers a hard copy of the PTC, along with their tickets, anywhere from three to six weeks before the departure of their cruise. Since 2016, customers are also provided a link to the PTC upon booking. The 2018 version of the PTC begins as follows:

> **IMPORTANT NOTICE:** THESE ARE THE TERMS AND CONDITIONS OF THE LEGALLY BINDING CONTRACT BETWEEN YOU AS OUR PASSENGER AND THE CARRIER IDENTIFIED BELOW ("PASSENGER TICKET CONTRACT TERMS AND CONDITIONS"). THESE PASSENGER TICKET CONTRACT TERMS AND CONDITIONS CONTAIN SUBSTANTIAL PENALTIES FOR CANCELLATION, AS WELL AS CERTAIN LIMITATIONS ON LIABILITY…AS WELL AS TIME LIMITS FOR CLAIMS AND SUITS…**AND APPLICATION OF FOREIGN LAW AND THE REQUIREMENT TO PURSUE LEGAL ACTION IN THE COURTS OF SWITZERLAND (AS DETAILED IN ARTICLE 24)**. PLEASE READ ALL THESE PASSENGER TICKET CONTRACT TERMS AND CONDITIONS CAREFULLY.

(Maldonado Decl., Ex. F. ("Ex. F") at 56, ECF No. 38-8 (second emphasis added).)

Article 24, in turn, provides:

> All questions arising on this Passenger Ticket Contract solely in respect of the limitation of liability shall be decided according to the Conventions and the other and further laws cited at Article 10 hereof, including the statutory, maritime and general laws of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09691-RGK-AS | Date | March 23, 2020 |
|---|---|---|---|
| Title | *Mercedes Rosenberg et al v. Viking River Cruises, Inc.* | | |

> Switzerland…The law governing all other aspects of this Passenger Ticket Contract is stipulated and agreed to be the statutory and general law of Switzerland…ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THESE PASSENGER TICKET CONTRACT TERMS AND CONDITIONS SHALL BE DETERMED BY THE CIVIL COURT OF THE CONTON OF BASEL-STADT [ZIVILGERICHT BASEL-STADT], THE JURISDICTION TO WHICH WE, AS THE CARRIER, AND YOU HEREBY EXCLUSIVELY SUBMIT OURSELVES. IF ANY ACTION IS INITIATED IN ANY COURT OTHER THAN THE COURTS IN BASEL SWITZERLAND…WE, AS THE CARRIER, AND YOU HEREBY AGREE TO THE IMMEDIATE DISMISSAL OR TRANSFER OF SAID ACTION TO THE COURTS OF BASEL, SWITZERLAND.

(*Id.* at 65.)

    **C.**    <u>**The Booking Contract**</u>

Customers who book travel with Viking through VRC are also bound by VRC's Booking Contract. The Booking Contract in effect from December 20, 2018 through September 6, 2019 (which applied to the Von Hoyers' cruise) provides:

> You acknowledge and agree that passage on any vessel upon which [VRC] is acting solely as a sales agent is governed by and subject to the Carrier's Passenger Ticket Contract Terms and Conditions issued to you which limits your rights and sets forth limitations within which claims may be made and/or suits may be filed against Carrier, a particular vessel, its owners, operators and various other third-party providers. You further agree that your rights as a passenger on a Viking cruise are governed solely by the Carrier's Passenger Ticket Contract Terms and Conditions available online at www.vikingcruises.com.

(Maldonado Decl., Ex. L. ("Ex. L") at 146, ECF No. 32-13.)[2] The Booking Contract also includes a "**Dispute Resolution**" provision which states that "[a]ll disputes arising under this Contract for the marketing, booking and/or sale of the cruise shall be litigated if at all in and before any court of competent jurisdiction located in Los Angeles County, California, USA[.]" (*Id.* at 149.) The provision goes on to explain that "[a]ll disputes arising out of the Passenger Ticket Contract Terms and Conditions

---

[2] The Booking Contract effective in 2013 (which applied to Feldman's cruise) contained similar language. (*See* Maldonado Decl., Ex. K. ("Ex. K") at 144, ECF No. 38-13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09691-RGK-AS | Date | March 23, 2020 |
|---|---|---|---|
| Title | *Mercedes Rosenberg et al v. Viking River Cruises, Inc.* | | |

or related directly or indirectly to the cruise itself, including without limitation claims involving personal injury, illness or death arising during or from the cruise, are governed by the laws of Switzerland…and all such disputes must be litigated if at all in and before a court located in Basel, Switzerland[.]" (*Id.*)[3]

### III.  JUDICIAL STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). "In the typical case *not* involving a forum-selection clause, a district court considering a [*forum non conveniens* motion] must evaluate both the convenience of the parties and various public-interest considerations" to determine whether "a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62–63 (emphasis added). However, "[t]he presence of a valid forum-selection clause requires district courts to adjust their [] analysis[.]" *Id.* at 63. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. The Court must therefore deem the private-interest factors to weigh entirely in favor of the preselected forum. *Id.* "As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

Finally, in deciding a motion to dismiss based upon a forum-selection clause, the Court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013) (quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)). However, "[t]he non-moving party's pleadings need not be accepted as true…and [the Court] may consider the facts outside the pleadings." *Id.*

### IV.  DISCUSSION

Defendant contends that the forum-selection clause in the PTC is valid and governs this dispute. Accordingly, Defendant moves to dismiss the FAC for *forum non conveniens*. Defendant also argues

---

[3] The Booking Contract effective in 2013 also contains a dispute resolution provision. The provision provides that "[a]ll disputes relating to this Contract directly or indirectly shall be litigated" in Los Angeles, California. (Ex. K at 144.) Unlike the Booking Contract effective from December 2018 through September 2019, it does not explain that all disputes arising out of the PTC must be litigated in Basel, Switzerland.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09691-RGK-AS | Date | March 23, 2020 |
|---|---|---|---|
| Title | *Mercedes Rosenberg et al v. Viking River Cruises, Inc.* | | |

that dismissal is proper under Rule 12(b)(6) because the FAC fails to state a claim upon which relief may be granted. The Court begins with the *forum non conveniens* analysis.

    A.    <u>**Forum Non Conveniens**</u>

           1.    <u>*Is Switzerland an Adequate Alternative Forum?*</u>

"At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). The Supreme Court has explained that "[o]rdinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Id.* "In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied." *Id.*; *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1225 (9th Cir. 2011) ("An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy.").

Here, Plaintiffs argue that the Switzerland is not an adequate alternative forum because the remedies provided by the CLRA are not available in Switzerland—namely, punitive damages. Plaintiffs also complain that there has been no showing that Switzerland permits class actions. Defendant, on the other hand, points out that Plaintiffs do not seek damages for their CLRA claim. In fact, Plaintiffs' Prayer for Relief specifically states that Plaintiffs do not seek damages, punitive damages, or restitution for their CLRA claim. (*See* FAC at 20.) Defendant also notes that an alternative forum need not provide the same remedies to be considered "adequate."

The Court agrees with Defendant that Switzerland is an adequate alternative forum. VRC consents to service in Switzerland. (Maldonado Decl. ¶ 12.) In addition, it does not appear that Switzerland offers a "clearly unsatisfactory" remedy. *Piper Aircraft*, 454 U.S. at 254 n.22. Whether or not Switzerland permits punitive damages for CLRA claims is irrelevant because Plaintiffs do not seek punitive damages under the CLRA. (*See* FAC at 20.) As for whether Switzerland permits class actions, an alternative forum need not provide the same degree of relief to be considered adequate. *See Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1177 (10th Cir. 2009) ("a foreign venue may be adequate even if it does not have the same procedural safeguards or the identical remedies available in the United States"). Thus, the absence of the class-action device in Switzerland does not by itself bar dismissal. *See Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM CWX, 2006 WL 4749756, at *8 (C.D. Cal. Sept. 25, 2006) ("The mere fact that Germany lacks a class action mechanism does not make it inadequate for forum non conveniens purposes[.]") (collecting cases). Overall, Plaintiffs have not shown that this is one of the "rare circumstances…where the remedy offered by the other forum is clearly unsatisfactory[.]" *Piper Aircraft*, 454 U.S. at 254 n.22; *Atl. Marine*, 571 U.S. at 63 ("as the party defying the forum-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09691-RGK-AS | Date | March 23, 2020 |
|---|---|---|---|
| Title | *Mercedes Rosenberg et al v. Viking River Cruises, Inc.* | | |

selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.").

       2.      <u>*Is the Forum-Selection Clause Valid?*</u>

The next question is whether the forum-selection clause is valid. Forum-selection clauses are considered prima facie valid and federal law governs their interpretation. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513–14 (9th Cir. 1988). A party claiming a forum-selection clause is invalid or unenforceable due to unfairness bears a heavy burden of proof. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592 (1991). Generally, a forum-selection clause is valid unless the plaintiff can make a strong showing that: (1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court. *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).

Here, Plaintiffs do not challenge the validity of the forum-selection clause in the PTC. The Court thus proceeds to consider whether the clause applies to Plaintiffs' claims.

       3.      <u>*Does the Forum-Selection Clause Encompass Plaintiffs' Claims?*</u>

The scope of a forum-selection clause depends upon the language used in the clause. *Ronlake v. US–Reports, Inc.*, 2012 WL 393614, at *3–4 (E.D. Cal. Feb. 6, 2012). The Ninth Circuit has held that "forum-selection clauses covering disputes 'arising out of' a particular agreement apply only to disputes 'relating to the interpretation and performance of the contract itself.'" *Advanced China Healthcare*, 901 F.3d at 1086 (quoting *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011)). By contrast, forum-selection clauses that cover disputes "relating to" an agreement are interpreted more broadly and may "apply to any disputes that reference the agreement or have some logical or causal connection to the agreement." *Id.* (internal quotation marks omitted); *Ryan v. Microsoft Corp.*, No. 14-CV-04634-LHK, 2015 WL 1738352, at *5 (N.D. Cal. Apr. 10, 2015) ("As a general matter, forum selection clauses covering disputes 'arising out of' a contract are narrower than those covering disputes 'arising out of or relating to' a contract.") The phrase "relating to" is considered synonymous with the phrase "in connection with." *See Advanced China Healthcare*, 901 F.3d at 1086.

In *Advanced China Healthcare*, the Ninth Circuit considered the scope of a forum-selection clause contained in two Share Purchase Agreements. In that case, three plaintiffs were persuaded by Alice Kao ("Kao") to invest $2.8 million in Advanced China Healthcare and "entered into two Share Purchase Agreements, each of which contained a forum-selection clause that required any disputes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09691-RGK-AS | Date | March 23, 2020 |
|---|---|---|---|
| Title | *Mercedes Rosenberg et al v. Viking River Cruises, Inc.* | | |

'arising out of or related to' the agreements to be adjudicated in California state court." *Id.* at 1084. Notwithstanding the forum-selection clause, the plaintiffs sued in Washington district court. *Id.* Ultimately, the Ninth Circuit held that "[b]ecause the clause cover[ed] 'any disputes ... related to this Agreement,' it applie[d] to any dispute that ha[d] some logical or causal connection to the parties' agreement." *Id.* at 1086. The court went on to hold that the plaintiffs' "claim that Kao engaged in various fraudulent practices to induce them to invest $2.8 million in Advanced China Healthcare relate[d] to the Share Purchase Agreements because the [plaintiffs] invested pursuant to those agreements." *Id.* at 1087.

Here, the forum-selection clause in the PTC applies to "ANY DISPUTE **ARISING OUT OF OR IN CONNECTION** WITH THESE PASSENGER TICKET CONTRACT TERMS AND CONDITIONS[.]" (*See, e.g.*, Ex. F at 65 (emphasis added).) The clause is analogous to the clause examined in *Advanced China Healthcare*. Thus, the question is whether this dispute has some logical or causal connection to the PTC. The Court finds that it does. In the FAC, Plaintiffs allege that VRC made fraudulent statements (1) in cruise itinerary booklets and brochures, and (2) onboard the cruises at issue. (FAC ¶¶ 16–20.) The cruise itinerary booklets are logically connected to the PTC because they were provided to customers in conjunction with the PTC. In addition, statements made onboard cruises are logically connected to the PTC because, as explained in the Booking Contract, an individuals' "rights as a passenger on a Viking cruise are governed solely by the Carrier's Passenger Ticket Contract." (Ex. L. at 146.) The Court therefore finds that Plaintiffs' claims fall within the scope of the PTC's forum-selection clause.

Plaintiffs argue that if any forum-selection clause governs this case, it is the forum-selection clause contained in the Booking Contract—not the PTC. The Court disagrees. As set forth above, the Booking Contract makes clear that "your rights as a *passenger* on a Viking cruise are governed solely by the Carrier's Passenger Ticket Contract[.]" (*Id.*) Here, Plaintiffs' claims pertain to their rights as passengers and therefore arise out of the PTC. This conclusion is bolstered by the language of the Booking Contract in effect from December 20, 2018 through September 6, 2019, which explains what disputes are covered by the PTC and what disputes are covered by the Booking Contract. It states that all disputes "for the marketing, booking and/or sale of the cruise" must be litigated in California, while all disputes arising out of the PTC "or related directly or indirectly to the cruise itself, including without limitation claims involving personal injury, illness or death arising during or from the cruise" must be litigated in Switzerland. (*Id.* at 149.) Plaintiffs' claims are not related to the "marketing, booking and/or sale of the cruise." Instead, they are related "to the cruise itself." Accordingly, Plaintiffs' claims fall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09691-RGK-AS | Date | March 23, 2020 |
|---|---|---|---|
| Title | *Mercedes Rosenberg et al v. Viking River Cruises, Inc.* | | |

within the scope of the PTC's forum-selection clause, not the forum-selection clause contained in the Booking Agreement.[4]

    4. <u>*Do the Public-Interest Factors Weigh Against Transfer?*</u>

  The final question is whether the public-interest factors weigh against transfer. The public-interest factors include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Carijano*, 643 F.3d at 1232 (internal quotation and citation omitted). These factors "will rarely defeat a transfer motion[.]" *Atl. Marine*, 571 U.S. at 64.

  Here, Plaintiffs do not contend that the public-interest factors weigh against transfer. Accordingly, the Court finds that the PTC is valid, enforceable, and encompasses Plaintiffs' claim. The Court therefore grants Defendant's Motion to Dismiss for *forum non conveniens*.

  **B.** **Failure to State a Claim**

  Because the forum-selection clause must be enforced, the Court need not consider whether the Complaint fails under Rule 12(b)(6).

**V.** **CONCLUSION**

  For the foregoing reasons, the Court **GRANTS** Defendant's Motion and **DISMISSES** the action in its entirety.

  **IT IS SO ORDERED.**

                                    : 

                Initials of Preparer

---

[4] This result is not altered by the fact that an earlier version of the Booking Contract lacked the aforementioned explanation of the differences between the two forum-selection clauses. (*See* Ex. K at 144.) The Booking Contract, by its terms, applies only to disputes relating to the *purchase* of cruises through VRC as the sales agent. The alleged misconduct in this case does not relate to the purchase of Plaintiffs' cruises, but to Plaintiffs' rights as passengers on those cruises.